# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | | |
|---|---|---|
| GERALD ALLEN PERRY, TDCJ No. 644896, | ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil No. 7:12-CV-173-O-BL |
| RICK THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | ) ) ) ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

This is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 by a person who, at the time of filing, is confined to the Allred Unit of the Texas Department of Criminal Justice - Institutional Division ("TDCJ-ID"), in Iowa Park, Texas. This matter was referred to the United States Magistrate Judge for pre-trial management pursuit to Misc. Order 6. Petitioner challenges the validity of disciplinary actions 20120039, 20120050306, and 20120059084, which were taken against him while confined to the Allred Unit.

In support of his petition, Petitioner presents the following grounds for relief:

1. He was subjected to a reduction in line class for an infraction that Petitioner believes was relatively minor, although graded as a major disciplinary violation;

2. He was subjected to retaliation for a grievance;

3. The procedures used by TDCJ-ID in disciplinary cases are unfair; and

4. Petitioner was not brought from his solitary cell to attend the hearing.

Petition ¶¶ 20.A-D. Petitioner has not indicated the relief that he is seeking.

As a result of the three identified disciplinary cases, Petitioner was sanctioned with 15 days loss of good time (twice); 15 days of solitary confinement (twice); 45 days of cell restriction; 45 days loss of commissary; and a reduction in line class from line 1 to line 3. Petition ¶18.

In the context of the disciplinary hearing process, a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Inmates who are charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Such liberty interests may emanate from either the Due Process Clause itself or from state law. *See Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). Liberty interests arising from state law are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484 (internal citations omitted). Only those state-created substantive interests that "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Id*. at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).

The protections afforded by the Due Process Clause thus do not extend to "every change in the conditions of confinement" which adversely affects prisoners. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Sanctions which may be imposed as a result of disciplinary cases, including various terms of commissary, recreation, and cell restriction, do not implicate concerns that are protected by the Due Process Clause. *Id.* at 486; *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Moreover, an inmate has neither a protected property nor liberty interest in his custodial

classification." *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988) (internal citations omitted). Insofar as Petitioner challenges his time-earning classification in terms of line class, such classification would not "inevitably affect the duration of his sentence" under *Sandin*. 515 U.S. at 487. The possibility that a particular time-earning classification could affect Petitioner's release date is "too speculative to afford him a constitutionally cognizable claim to the 'right' to a particular time earning status." *Malchi*, 211 F.3d at 959. Petitioner has no constitutionally protected interest in his prison custodial classification or in his future time-earning status. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).

Moreover, Petitioner has indicated that he is not eligible for release to mandatory supervision. Petition ¶16. Only those state-created substantive interests that "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). Thus, a prisoner's loss of good-time credits as a result of punishment for a disciplinary conviction, which increases his sentence beyond the time that would otherwise have resulted from state law providing mandatory sentence reductions for good behavior, must be accompanied by certain procedural safeguards in order to satisfy due process. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). However, a prisoner has a protected liberty interest in the loss of accrued good time only if he is eligible for release to mandatory supervision. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000). Because he is not eligible for release, Petitioner does not have a constitutionally protected interest in his loss of good time.

Insofar as Petitioner challenges the grading of the disciplinary case as major, despite relatively minor conduct, the court notes that an inmate's claim that an officer initiated disciplinary proceedings against him without probable cause does not state a claim. *See Castellano v. Fragozo*,

3

352 F.3d 939, 945 (5th Cir. 2003).  Under the circumstances of the instant case, no constitutionally protected liberty interest was implicated by the prison disciplinary hearing, applicable institutional procedures, or sanctions imposed therein.

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DENIED**.

**IT IS, THEREFORE ORDERED** that this case is **TRANSFERRED** back to the docket of the United States district judge.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

**SO ORDERED.**

Dated this 22nd  day of October, 2012.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**